UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Wayne Smith, | ) | C/A No. 9:07-1523-RBH-GCK |
|               Plaintiff, | ) | |
| vs. | ) | |
| Detective Lt. Samuel Richardson; and Four Unknown Federal Agents, | ) | **Report and Recommendation** |
|               Defendants. | ) | |



The Plaintiff, Wayne Smith (Plaintiff), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983[1] and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Plaintiff is an inmate at McCormick Correctional Institution, a facility of the South Carolina Department of Corrections (SCDC), and files this action *in forma pauperis* under 28 U.S.C. § 1915. The Complaint names as Defendants Detective Lt. Samuel Richardson, an employee of the Dorchester County Detention Center,[2] and Four Unknown Federal Agents. Plaintiff claims false arrest and seeks monetary damages. The Complaint should be dismissed for failure to state a claim upon which relief may be granted.

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] Title 28 U.S.C. § 1915A (a) provides that "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

## *Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

The Complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (*per curiam*). Even under this less stringent standard, however, the *pro se* Complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal

2

arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, (4th Cir. 1990).

## Background

Plaintiff indicates that, on November 25, 1997, he appeared before a Berkeley County judge who set a $12,000.00 bond for unspecified charges. Plaintiff was allegedly informed that he would be sent to the Dorchester County Detention Center (DCDC), where any pending Dorchester County warrants would be served on the Plaintiff within seventy-two (72) hours. Plaintiff was taken to the DCDC, where he was placed in the general population and began trying to "bond out". However, within six hours of reaching the DCDC, Plaintiff was approached by four federal agents who advised the Plaintiff that he was under arrest. Plaintiff was handcuffed, shackled and interrogated for approximately two hours. Plaintiff allegedly asked to see his warrant and to be advised of his charges, but the agents refused to provide any information. Plaintiff was then placed in maximum security "lock down" until December 5, 1997, when the agents returned. Plaintiff states he was again placed under arrest, with  no warrants or information regarding the arrest. The agents interrogated Plaintiff for approximately one hour and still refused to provide information about the arrest. Plaintiff states he was served with a warrant for Armed Robbery on February 28, 1998. Plaintiff fails to make any factual allegations against Defendant Richardson in the Complaint.

Plaintiff's Complaint, when filed on June 1, 2007, was incomplete. Plaintiff's partial Complaint and service documents were liberally construed to allege a false arrest claim against Defendant

Richardson and Four Unknown Federal Agents. An Order, directing Plaintiff to bring the case into proper form by completing pages one (1) and two (2) of the Complaint, was issued on June 8, 2007. The Order further advised Plaintiff that he must state the facts of his claim and how such facts relate to each listed Defendant. Plaintiff was also made aware that he must provide information sufficient to identify the Defendants on the service documents (Forms USM-285).

On June 22, 2007, Plaintiff filed a completed Complaint form and Form USM-285 for Defendant Richardson. Pages one (1) and two (2) of Plaintiff's Complaint name Defendant Richardson "Et. Al:" as the sole Defendant. In addition, Plaintiff's newly completed Form USM-285 for Defendant Richardson indicates that only one party is to be served in the case. Thus, it now appears Plaintiff is alleging his false arrest claim solely against Defendant Richardson. Plaintiff seeks monetary damages and asks that his sentence be vacated.[3]

## Discussion

The Complaint, as it pertains to Defendant Richardson, is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994), quoting *Baker v. McCollan*, 443 U.S. 137, 144, n. 3 (1979). A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States

---

[3] State prisoners challenging their confinement ordinarily proceed under 28 U.S.C. §§ 2241 or 2254. To the extent Plaintiff seeks to have his sentence vacated, he must file a Petition for a Writ of Habeas Corpus. *See Preiser v. Rodriguez,* 411 U.S. 475 (1973)(habeas corpus is the exclusive remedy for a sate prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release).

4

was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

The Complaint in this case makes no factual allegations against Defendant Richardson. Although the Court must liberally construe the *pro se* Complaint, Plaintiff must do more than make mere conclusory statements to state a claim. *Brown v. Zavaras*, 63 F.3d 967 (10th Cir. 1995); *Adams v. Rice*, 40 F.3d 72 (4th Cir. 1994); *White v. White*, 886 F.2d 721, 723 (4th Cir. 1989) (complaint dismissed because "failed to contain any factual allegations tending to support his bare assertion"). While Plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter in the Complaint, he must allege facts that support a claim for relief. *Bass v. Dupont*, 324 F.3d 761, 765 (4th Cir. 2003). The Complaint must "contain a modicum of factual specificity, identifying the particular conduct of defendants that is alleged to have harmed the plaintiff." *Ross v. Meagan*, 638 F.2d 646, 650 (3d Cir. 1981). This Court is not required to develop tangential claims from scant assertions in the Complaint. *See Beaudett v. City of Hampton*, 775 F.2d 1274 (4th Cir. 1985). Thus, as to Defendant Richardson, the Complaint fails to state a claim upon which relief may be granted under § 1983, and should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

In relation to the Four Unknown Federal Agents, which were docketed as Defendants based on Plaintiff's initial incomplete pleadings, his constitutional claims are evaluated under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *Bivens* is the case establishing, as a general proposition, that victims of a constitutional violation perpetuated by a federal actor may sue the offender for damages in federal court despite the absence of explicit statutory authorization for such suits. *Carlson v. Green*, 446 U.S. 14, 18 (1980). *See also Holly v. Scott*, 434 F.3d 287, 289 (4th Cir. 2006). A *Bivens* claim is analogous to a claim brought against state officials under

42 U.S.C. § 1983, therefore, caselaw involving § 1983 claims is applicable in *Bivens* actions, and vice versa. *See Harlow v. Fitzgerald*, 457 U.S. 800, 814-820, n. 30 (1982). *See also Farmer v. Brennan*, 511 U.S. 825 (1994); *Bolin v. Story*, 225 F.3d 1234, 1241-1242 (11th Cir. 2000); *Campbell v. Civil Air Patrol*, 131 F. Supp. 2d 1303, 1310, n. 8 (M.D. Ala. 2001).

As previously stated, when Plaintiff brought his case into proper form, he failed to list the Four Unknown Federal Agents as Defendants in the Complaint's caption or section listing parties in the action. (Complaint, page two, section III.) Plaintiff additionally indicated, on his service document for Defendant Richardson, that only one party would be served in the case. Thus, it appears Plaintiff no longer wishes to name the Four Unknown Federal Agents as Defendants, or attempt service on them at this time.

The Complaint's "statement of claim" section, however, was left unchanged by the Plaintiff upon bringing the case into proper form. While the Complaint continues to discuss the Unknowns' alleged arrest and interrogation of the Plaintiff, absolutely no specific information is provided by the pleadings to either identify the Unknown Defendants or establish their individual roles in the described events. Plaintiff fails to indicate which federal agency the Unknowns represented and lists the Dorchester County Sheriff's Department, a county governmental entity, as the Unknowns' proposed service address.

In the "proper form" Order, Plaintiff was specifically asked to "state the facts of [his] claim and how those facts related to each listed Defendant in the 'statement of claims' section." Plaintiff failed to particularize his claim or provide any additional factual information to aid the Court in its review of the Complaint. Thus, it is recommended that Plaintiff's claims against the Four Unknown Defendants be dismissed at this time. *See Pavilonis v. King*, 626 F.2d 1075, 1078 (1st Cir. 1980)(hopelessly general

complaint dismissed where Plaintiff, although alerted to the complaint's deficiencies, filed subsequent documents that were no more informative and no curative amendments were effected).

### Recommendation

Accordingly, it is recommended that the District Court dismiss the Complaint in the above-captioned case *without prejudice* and without issuance of service of process. *See Todd v. Baskerville* 712 F.2d at 74, *Denton v. Hernandez*, 504 U.S. at 31, *Neitzke v. Williams*, 490 U.S. at 324-25. Plaintiff's attention is directed to the important notice on the next page.

Respectfully Submitted,

George C. Kosko
United States Magistrate Judge

July 12, 2007
Charleston, South Carolina

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P. O. Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).